JULIET McDANIEL, plaintiff in error, vs. MARION C. ED-
WARDS, defendant in error.

1. After a sale of land for distribution by an executor, under an order of the
court of ordinary, it stands discharged of prior judgment liens against one
of the legatees, whose interest therein, under the will, was one equal undi-
vided share with several other legatees.

2. A mere general objection to testimony will not be considered in the su-
preme court, no ground of objection being stated in the record or in the bill
of exceptions : 47 Georgia Reports, 99.

Administrators and executors. Judgments. Practice in
the Supreme Court. Evidence. Before Judge CRAWFORD.
Muscogee Superior Court. November Term, 1875.

Reported in the opinion.

L. T. DOWNING, for plaintiff in error.

LITTLE & CRAWFORD, by brief, for defendant.

BLECKLEY, Judge.

A will was made in 1841, directing that property, real and
personal, be kept together in the possession of testator's wife
during her life or widowhood, then to be equally divided be-
tween his ten children, one of whom was John W. Edwards.
The testator died in the same year. His wife died in 1869,
at which time some personal property and a tract of land cov-
ered by the will remained undivided and unadministered. No
debts were then outstanding, and the legatees were of full
age. Some of them had died leaving minor children. In
1870, John W. Edwards, as executor, sold the land under an
order from the court of ordinary, for distribution. It was
purchased by the present claimant, and the executor conveyed
it to him by deed and gave him possession. There was, at
that time, a judgment against John W. Edwards, not as exe-
cutor, but individually, in favor of the plaintiff, Juliet Mc-
Daniel, which was rendered in 1868. Execution founded
thereon was levied, in March, 1874, upon an undivided one-

McDaniel *vs.* Edwards.

eighth interest in the land, as the property of John W. Edwards. A claim was interposed, and on the trial, the jury, under the evidence and charge of the court, found in favor of the claimant.

1. The main question argued before us, was whether the sale and conveyance by the executor discharged the land from any lien the judgment may have had upon his interest in it as legatee. No case heretofore decided by this court covers this precise question. It has been held that a sale to pay debts, by the representative of an estate, divests the lien of judgments rendered against the decedent in his lifetime: 45 *Georgia Reports*, 585; 46 *Ibid.*, 389; 49 *Ibid.*, 274. Whether a sale for distribution only would have a like effect is yet open. Even delivery to the heir in the course of administration, places land beyond the reach of a judgment *subsequently* rendered against the administrator upon a debt of the intestate, unless there be equitable facts on which the creditor may proceed: *Jones vs. Parker*, 55 *Georgia Reports*, 11. In *Wilkinson & Wilson vs. Chew*, 54 *Georgia Reports*, 603, the creditor of an heir or legatee whose reversionary or remainder interest in the particular property is clearly defined, was said to be entitled to proceed by levy and sale pending the life estate. In *Clarke vs. Harker*, 48 *Georgia Reports*, 596, the executor was allowed to claim, and thus prevent interference by judgment creditors of certain of the legatees, with regular administration. The opinion of the court in this last case presents some of the difficulties in the way of subjecting to levy and sale shares in detached parts of undivided estates. Doubtless further judicial elaboration, or some legislative act, will be requisite to give full development and consistency to the law of this subject. It might not be easy to tell, with absolute certainty, whether before the executor sold in the present case, his interest in this particular land as legatee was so clearly defined as to make it the subject of ordinary levy. If the land had been all the property that was unadministered, and there was no inequality among the legatees in the prior distribution, then there would seem to be no obstacle to treating him

as a mere co-tenant with the other legatees, and in selling his interest accordingly. But here the executor had administered the land before the levy. For that purpose he was the agent of the law. He administered under a judgment of the court of ordinary, the court clothed by law with jurisdiction over estates, testate and intestate. The purchaser bought the land as the property of the testator, against whom there was no judgment, not as the property of the legatee, the judgment debtor. The title of the purchaser, therefore, goes back behind the lien of this judgment and cuts it off. Such, we think, is the better view of the matter, and we so adjudge: Code, sections 2246, 2483; 27 *Georgia Reports*, 125.

2. The objection to the evidence is too general for us to deal with. The motion for new trial discloses no ground of objection, nor does the bill of exceptions or any other part of the record : 47 *Georgia Reports*, 99. It was not insisted in the argument before us that the judge charged the jury in a way to encroach on their functions, nor was attention called to any defect in the executor's deed.

Judgment affirmed.