MYERS *v.* PIERCE, survivor.

1. Due administration of devised realty by the executrix under an order of the court of ordinary, to pay debts of the estate, cuts off a mortgage made by one of the devisees upon his undivided interest in such realty.

2. The purchaser at foreclosure sale of the undivided interest of a tenant in common in certain lands, takes an undivided interest in every part of the premises. He does not become sole owner of any definite subdivision of the tract.

3. A *bona fide* mortgagee having a valid lien upon two parcels of land, cannot, at the instance of a third person, be enjoined from enforcing the mortgage to await an election by the mortgagor as to which parcel she will relinquish to such third person, either parcel being sufficient to discharge the mortgage debt. If the case is one for election, the mortgagee is entitled to exercise that privilege by exposing either to sale under his judgment of foreclosure. He will have no right to sell both if one should prove sufficient.

March 16, 1891.

Administration. Estates. Mortgages. Sales. Liens. Injunction. Before Judge McWHORTER. Hancock county. At chambers, January 31, 1891.

Reported in the decision.

R. H. LEWIS, for plaintiff in error.

No appearance contra.

BLECKLEY, Chief Justice.

The mortgage by E. B. Brown to Pierce & Little was executed in December, 1877, and was made in renewal of a prior mortgage to other parties, dated in March, 1875, which had been assigned to them. The renewal mortgage was foreclosed in October, 1887, and the sheriff's sale made under the foreclosure was in June, 1889. At that sale Pierce, surviving partner of Pierce & Little, the mortgagees, was the purchaser. This is the title which he seeks to assert in the present proceeding. The property embraced in the mortgage and covered by the foreclosure and sale, and by the sheriff's deed to Pierce, was described thus:

"All the undivided interest which he, the said Edward B. Brown, has in the lands of the estate of his deceased father, Alfred E. W. Brown, lying and being in the county of Hancock, State aforesaid, and on which the said A. E. W. Brown resided at the time of his death; the said interest of the said Edward B. Brown being one ninth part, and the said body of land belonging to said estate containing about twenty-seven hundred acres, including the dower lands of Mrs. V. L. Brown, the widow of said deceased, said interest hereby mortgaged being all the interest in or claim held by said Edward B. Brown against the lands of said estate."

These lands constituted a part of the estate of E. B. Brown's father, and as to 20 acres called the "dower lands," were devised specifically in remainder to the testator's children, and the rest of said lands were devised to them in fee by a residuary clause in the will. The adverse claim against which this title is sought to

be asserted. arose thus : The children of the testator, including E. B. Brown, obtained a decree against the executrix for over $10,000, to be paid to them equally out of the testator's estate. This decree was rendered in October, 1875, some two years prior to the execution of the mortgage by E. B. Brown to Pierce & Little. The executrix, under an order of the court of ordinary, granted at August term, 1874, sold certain lands of her testator in December, 1885, and the same were purchased at such sale jointly by all the plaintiffs in the decree above referred to, except E. B. Brown and one other. The executrix executed a conveyance to these purchasers, one of whom was Laura V. Brown, one of the plaintiffs in the decree and a sister of E. B. Brown. Subsequently, in February, 1887, the purchasers divided the land amongst them, Laura V. receiving two shares, these shares being represented by subdivisions of the tract and numbered as lots 3 and 7. She was entitled to one of the shares by reason of her original interest in the decree, and to the other by purchase through her husband of E. B. Brown's interest in that decree. This purchase took place in September, 1885, more than two months before the sale of the land by the executrix, and was evidenced by an assignment in writing from E. B. Brown to George R. Brown, and from George R. to his wife Laura V. These assignments were for value, but the assignees took with actual notice of the mortgage by E. B. Brown to Pierce & Little upon the land. In March, 1887, Laura V. Brown mortgaged to Myers the above named lots, 3 and 7, to secure a debt of more than one thousand dollars which she owed to Myers. This mortgage was foreclosed, and said lots were about to be brought to sale under the judgment of foreclosure, when Pierce, survivor of Pierce & Little, filed his petition in the nature of a bill in equity, praying that the sale be enjoined, and that Laura V. be restrained from

selling or further encumbering either of the lots. The judge granted an interlocutory injunction, as prayed for, and Myers excepted. Either of the lots is worth more than the amount of the mortgage debt which is sought to be collected by Myers. Besides the prayer for injunction, the bill prayed that Laura V. may be required to elect and choose which of the lots she will take and receive as her share of the land, and .that Pierce may recover the other lot as the share or interest of E. B. Brown in the lands of his father's estate, with rents and profits therefor, and that the mortgage *fi. fa.* of Myers may be allowed to proceed only against the lot decreed to belong to Laura V. Process was prayed against E. B., Laura V. and Myers.

1. For three reasons the judge erred in granting the injunction complained of as to Myers. The administration of the land by the executrix under an order of the court of ordinary, granted before any of the mortgages came into existence, cut off the title of the devisees and defeated the mortgage given by E. B. Brown, one of these devisees, upon his undivided interest. The executrix administered the land as the property of her testator. The purchasers at her sale succeeded to his title, not to that of the devisees. *McDaniel* v. *Edwards*, 56 *Ga.* 444.

2. The mortgage to Pierce & Little was no lien upon the decree. The decree belonged in part to E. B. Brown as a creditor of his father's estate. His interest in the land before it was administered was as a devisee under his father's will. These two pieces of property were altogether separate and distinct. The decree was negotiable by assignment (Code, §§2776, 4217), and he did assign his interest in it before the land was administered. This interest became the property of his sister, Laura V., by purchase. And whether the land was paid for, at the sale made by the executrix, with the decree

or with money, makes no difference. In either case it became the property of the purchasers. E. B. Brown having before that time parted with his interest in the decree, had no interest in the purchase of the land. But even if the land had not been administered by the executrix, Pierce would have had no interest in the particular lots 3 and 7 now in controversy, except what he acquired by his purchase at the sheriff's sale under his mortgage foreclosure. He would not have been the owner of either of these lots, but merely of one ninth, or at most one eighth, of each of them. To this interest he would have had a legal title, and could have asserted it by claim at law against the mortgage execution of Myers, and would have had no need for an injunction restraining him from selling. He took no measures before foreclosing his mortgage, to concentrate it upon these two lots, but foreclosed it as a lien upon an undivided interest in the whole tract, and therefore his purchase at the foreclosure sale invested him with no exclusive title to any particular part of the tract, but with an undivided interest, if any at all, in the whole. In this case he comes to assert his rights as owner, not as mortgagee. He stands upon his title as a purchaser at the mortgage sale. Consequently he has only such rights as any other person would have who might have purchased at that sale the same property or interest which he purchased.

3. But suppose one of the two lots embraced in the mortgage to Myers does in equity belong to Pierce, the legal title to them both is in Laura V. Brown, and was at the time she mortgaged them to Myers as security for her debt. There is no suggestion that Myers had any notice of Pierce's equity, and it is admitted that one of the lots belongs to his mortgagor. Why then should he be restrained from selling one of them at least? And it is alleged that either of them is of suffi-

cient value to pay off his mortgage. Why then should he not go on and sell one of them and obtain satisfaction? Why delay him until his debtor elects which of the lots she will take? Why not allow Myers to elect which one he will sell? He has a legal lien upon both, and surely if an election is to be made, he is the proper party to make it, and doubtless he will make it by offering one of the lots first, when they are brought to sale under his mortgage. If one should prove sufficient to discharge his demand, he will have no right to sell the other, and there can be no presumption that he would attempt to sell it needlessly.

Any one of the three errors which we have assigned would be decisive against putting Myers under any injunction. Let him proceed to obtain satisfaction of his mortgage debt according to law. *Judgment reversed.*