## McCANDLESS *v.* YORKSHIRE GUARANTEE & SECURI-
## TIES CORPORATION LIMITED.

1. Where a deed purporting to have been executed by a foreign corporation began with the words, "State of New York, County of New York," and recited on its face that it was made "by its president [naming him] and directors [naming two persons] of the State and county aforesaid"; and where the names of the corporation and of the three persons above indicated (these three signing as president and as directors respectively) were affixed to the deed and the same was attested by two witnesses, one of the latter adding after his name the words, "Consul of the United States of America at Huddersfield, England": *Held*, that in the absence of any evidence showing affirmatively where the deed was executed, it will be presumed that it was executed in the State and county of New York.

2. Construing section 3621 of the Civil Code, which authorizes the attestation of a deed executed out of this State by a consul of the United States, but does not declare or intimate that such an officer may make such attestation at any place other than that of his consulate, in connection with section 1750 of the Revised Statutes of the United States, which apparently limits the official functions of consuls to the places to which they are respectively accredited, a consul of the United States for a designated city in a foreign country can not legally in his official capacity attest a deed executed in any one of the United States.

3. The holder of a promissory note secured by an instrument purporting to be a deed to land, who brings an action for the recovery of the money due on such note, alleges in his declaration that the instrument in question is a deed, and on this ground obtains a judgment embracing a special lien upon the land, and who thereafter undertakes to convey the land to the defendant in execution so as to authorize the levy thereon of an execution issued upon such judgment, will not afterwards be heard to allege that the instrument securing the debt is not in fact a deed passing title, but a mortgage only.

4. The record disclosing that the deed executed by the plaintiff in execution for the purpose above stated had not been so attested as to lawfully admit it to record, the actual recording of it was a mere nullity, and consequently the levy of the execution upon the land described in such deed was unlawful, and its further progress should have been enjoined; the sheriff having refused to accept the affidavit of illegality tendered by the defendant in execution, and this affidavit among other things alleging that the levy was unlawful for the reason herein indicated.

Argued April 16, — Decided May 19, 1897.

Petition for injunction. Before Judge Beck. Butts county. October 14, 1896.

*Ray & Ray* and *Anderson, Felder & Davis*, for plaintiff.
*Payne & Tye* and *Y. A. Wright*, for defendants.

COBB, J. The Yorkshire Guarantee & Securities Corporation Limited brought suit against Mrs. McCandless on a promissory note, praying a general judgment against her, and also a special judgment on certain property embraced in a deed which it was alleged she had executed to secure the debt upon which the suit was brought. A verdict and judgment were entered against her for the amount of the debt, which judgment was declared to be a special lien upon the property embraced in the deed, to be enforced in accordance with the provisions of section 1969 of the Code of 1882 (Civil Code, § 2771). Execution was issued and levied upon the property embraced in the deed. Mrs. McCandless tendered to the sheriff an affidavit of illegality, setting up, among other grounds, that the deed reconveying the property, which had been filed and recorded in order to make the levy, was insufficient, in that it purported to be executed in the State and county of New York, and was attested by two witnesses, one of whom was an unofficial person, and the other signed himself as consul of the United States of America at Huddersfield, England. The sheriff refused to receive the affidavit of illegality; and she filed her petition in equity, praying that the sale of her property be enjoined. The application for injunction was denied, and she excepted.

1. The deed which was filed and recorded for the purpose of making the levy in this case began with the words, "State of New York, county of New York," and recited that it was the deed of "the Yorkshire Guarantee and Securities Corporation Limited by its president [naming him] and directors [naming two persons] · of the State and county aforesaid." It was signed by the president and directors and attested as follows: "W. A. Angells, Cleveland Roadhead, department accountant; Frank C. McGee, Consul of the U. S. of America at Huddersfield, England." There was no evidence as to where the deed was actually executed. From the caption, and the recitals in the paper, it must be presumed, in the absence of evidence showing the place of its actual execution, that the paper was signed and attested in the State and county of New York. *Allgood* v. *State*, 87 *Ga.* 668.

2. If the paper was actually signed in the State of New York,

the question is raised, was it so attested as to be admitted to record under the laws of this State? "To authorize the record of a deed to realty or personalty, when executed out of this State, the deed must be attested by, or acknowledged before . . a consul or vice-consul of the United States, the certificate of these officers under their seal being evidence of the fact." Civil Code, § 3621. "Every secretary of legation and consular officer is . . authorized, whenever he is required or deems it necessary or proper so to do, at the post, port, place, or within the limits of his legation, consulate, or commercial agency, . . to perform any notarial act which any notary public is required or authorized by law to do within the United States." Revised Stat. U. S., 2d ed. 1878, § 1750. Construing the section of the Civil Code which authorizes a consul to attest a deed, in connection with the section of the Revised Statutes which defines the powers of a consul, it is clear that it was not intended that a consul could act in relation to the matter of attesting deeds at any other place than that at which the laws of the United States authorize him to perform such acts. Therefore, if a consul of the United States attest a deed at any other place than his consulate, such attestation would not be sufficient to authorize the record of the deed.

3. It was contended that the affidavit of illegality was properly refused and the injunction rightfully denied on the ground that the paper declared on in the suit as a deed was really not a deed but a mortgage, and therefore no reconveyance was necessary in order to authorize the levy and sale. It is not necessary for us to decide whether the paper was a deed or a mortgage. The plaintiff in its petition having declared upon it as a deed, having obtained a verdict and judgment on it as such, and being now engaged in an effort to enforce the lien of the judgment as if on a debt secured by a deed, it can not be now allowed to say that that which in the judgment is declared to be a deed is only a mortgage. It is estopped by the allegations in its pleadings and by the judgment. As between the parties to the record, the character of the paper which is the foundation of the suit is conclusively determined.

4. The deed executed as a reconveyance not having been so

attested as to be lawfully admitted to record, its actual record was a mere nullity, the levy of the execution upon the land was without authority of law, and the sheriff should have accepted the affidavit of illegality tendered. This being the case, the court erred in denying the application for injunction.

*Judgment reversed. All the Justices concurring.*