## WILLIS, COLE & CORDRY *v.* BOYD.

Whether or not a materialman who furnishes material for the construction of an addition of two rooms and a hallway to a dwelling-house is within the class of persons in whose favor, under section 2802 et seq. of the Civil Code, a right of action arises against the owner, depends upon whether the work done amounts to a rebuilding, or only to a repairing of the house.

Argued October 19, — Decided November 29, 1897.

Petition for certiorari. Before Judge Sheffield. Early county. June 29, 1897.

A general demurrer to an action in the county court was sustained, and the plaintiffs presented their petition for certiorari.

Sanction of the petition was refused, and they excepted. The petition alleged: Plaintiffs, a copartnership, are materialmen. Williams contracted to build two rooms and a hall to the dwelling-house of Boyd, and to otherwise repair said house, and ordered material from plaintiffs with which to build the rooms and hall, and which was furnished by them and was used in erecting the rooms and hall and in repairing the house. Boyd paid said Williams the entire contract price for the building of the rooms and hall, and for the repairing of the house, before receiving from Williams an affidavit that all of the debts incurred for material and labor in said building and repairing had been paid. Williams never submitted to Boyd an affidavit that all the debts incurred for material and labor in building or constructing said rooms and hall and repairing said house had been paid; nor did Boyd have the consent of plaintiffs for him to pay over to Williams the 25 per cent. of the contract price which he was to pay Williams, and which the law required him to hold up and not pay over until said material and lumber were paid for. Boyd is liable to plaintiffs for 25 per cent. of the contract price of said building and work. The contract for the building of the two rooms and hall and for repairing the house was $250. The amount due by said Williams to plaintiffs is $59.61, besides interest. Said sum became due and payable May 11, 1896. Plaintiffs sold Williams material to the amount of $167.29. They bring this suit against said Boyd to recover the 25 per cent. of said contract price of said work, or so much thereof as may be necessary to pay their debt.

*R. H. Powell* and *W. D. Kiddoo*, for plaintiffs.

SIMMONS, C. J. Code sections 2802 and 2803 provide as follows: "Every person, firm or corporation that gives out to contract the building or construction of any house, store, mill, railroad, or other structure of like nature, shall retain twenty-five per cent. of the contract price thereof until the contractor shall submit to such person, firm or corporation an affidavit that all debts incurred for material and labor in building or constructing such house, store, mill, railroad, or other structure of like nature, have been paid, or that the persons to whom

such debts for material and labor are owed have consented to the payment of said twenty-five per cent. And any person, firm or corporation that shall pay over to a contractor the said twenty-five per cent. of the contract price of said house, store, mill, railroad, or other structure of like nature, without requiring the affidavit as aforesaid, shall be liable to the extent of twenty-five per cent. of said contract price to any materialman or laborer for material furnished or work for said contractor in building or constructing said house, store, mill, railroad, or other structure of like nature. But nothing in this section shall be construed to impair any rights now given by law to materialmen and laborers."

The declaration being full and good in substance in all other respects, without question, and the court having dismissed it upon general demurrer, we presume that its ruling was founded upon the objection that the nature of the structure alleged to have been erected was not such as to bring the claim within the terms of the code sections which we have above quoted. Proceeding with the discussion upon this assumption, we are fully persuaded that the court committed error in this case. Whether or not the addition of the two rooms and the hall to the dwelling-house of the defendant constituted a building within the meaning of these sections of the code, so as to give a right of action to the plaintiff against this defendant, raises a question of fact for the jury. It can not be determined, as matter of law, that such a structure as is here described was or was not a "building" within the definition of that word as employed in these code sections. The word "building" has a double significance, and may be employed to express the idea of original construction, or it may serve the purpose of expressing the idea of reconstruction or the building of an annex to an edifice already constructed, which would form so considerable a part of the building originally added to as to constitute a new building; and we think in that event it would amount to a building, within the meaning of that term as employed in the sections we have quoted.

The principle ruled in this case is closely analogous to that announced in the case of *Helvingston* v. *Macon County*, ante,

106. The views there and here expressed are supported by the well-considered opinion of Sharswood, J., in the case of Hershey v. Shenk, 58 Pa. St. 384, where it is said : "The first assignment of error is to the charge of the court below, upon the question of the liability of the building to the liens of mechanics. The instruction to the jury was: 'If you believe from the testimony that there was a radical change made in the form and appearance of the house, as the testimony seems to indicate, and as is manifested by the taking out of the gable end of the old building, extending the same and enlarging it so much as to make two houses, and also materially altering the internal structure of the building, besides adding two buildings which were to be used as kitchens, then we think those alterations and additions would make the building subject to the lien.' That is to say, in other words, that if the jury believed these facts to have been substantiated by the evidence, it was in point of law a new erection. This instruction is fully sustained by all the authorities. The principle as laid down originally in Driesbach v. Keller, 2 Barr, 77, that a substantial addition of material parts, a rebuilding upon another and larger scale, constitutes a new building, even though parts of the old are preserved and incorporated in the new, has been consistently followed in all the subsequent cases: Landis's Appeal, 10 Barr, 379; Armstrong v. Ware, 8 Harris, 519. In Nelson v. Campbell, 4 Casey, 156, it was held that if a new building be erected adjoining an old one, and both were intended by the owner as parts of one tenement, they indicate 'the ground' covered by the lien, and of course the houses go with the ground. Accordingly in Lightfoot v. Krug, 11 Casey, 348, it was determined that a kitchen is an erection which will authorize the filing of the mechanic's claim, and the lien will extend to and bind the main building to which the kitchen is attached."

If upon the trial of the case the jury should be of the opinion, taking into consideration the nature of the work done, that it was a mere repairing of the old structure, instead of a reconstruction of it or the building of such an annex to it as would cause it to become a new building when completed, the plaintiff would not be entitled to maintain his action. One who

furnishes materials to the *repairer* of a building, unless the repairs are so considerable as to amount to a new building, has no right of action under the terms of the statute which we have quoted.  A materialman who furnishes the *builder* of a house has.  As we have seen before, whether the work done upon the house amounted to a building, or to the mere repairing of a building, is a matter of fact to be determined by the jury.

The averments in the declaration, we think, under the view we have presented, were sufficient to withstand a general demurrer, and the judgment of the court below is accordingly

*Reversed.  All the Justices concurring.*