WADE *et al.* v. CALHOUN NATIONAL BANK *et al.*

LUMPKIN, J. An application for the grant of an interlocutory injunction to restrain sale under an execution, or its enforcement in any way, was heard at chambers. Among other things the defendant filed a plea in the nature of a plea in abatement, setting up that substantially the same relief was sought under the pleadings of the parties in another litigation already pending, although not all the grounds of attack on

the judgment raised in the present case were then embraced. It was alleged that these grounds could be set up in the former case by amendment. The presiding judge passed an order containing, in substance, the following provisions, so far as material to be here recited: (1) That the injunction prayed for be denied. (2) That, this case having been brought for practically the same relief sought in the former case, in which there was a petition and cross-petition, "and it appearing to the court that all of the relief sought by the said" plaintiffs in the present case could and should be brought into and litigated in said former suit, so as not to make a multiplicity of suits, it is therefore ordered that the present suit be stayed, and that the plaintiffs be required to incorporate in their pleadings in the former suit such allegations as may be necessary to litigate and have adjudicated in such former suit "the matters and issues which are sought to be litigated and have adjudicated in the present suit." (3) That the defendant is authorized to withdraw and cancel a deed of reconveyance heretofore signed by it and filed and recorded in the office of the clerk of the superior court for the purpose of bringing to sale the land levied on, in accordance with section 6037 of the Civil Code, which levy it was sought to enjoin, "such withdrawal and cancellation to be allowed on account of errors in the making of said deed," and that the plaintiff in execution be allowed to make, file, and have recorded in the office of the clerk of the superior court another proper and sufficient deed of conveyance for the purpose of having the execution again levied on the land and of having an advertisement and sale thereunder. · It was further ordered that the sheriff, in making a sale of the land, should offer it for sale at public outcry, first in three separate tracts as described in the order, and then offer the entire tract; and if the bid for the land as a whole should be more than the aggregate of the three highest bids for the separate parcels, it should be the duty of the sheriff to accept the bid for the land as a whole; but if such bid should not be greater than the aggregate of the three highest bids for the separate parcels, it should be his duty to accept the three highest bids for such parcels. It was ordered that the terms of the sale should be cash, and the bidder or bidders should immediately pay the amount of his or their accepted bid or bids. (4) In the event there should be from the proceeds of the sale more than enough to satisfy the execution under which the land shall be sold, the sheriff shall retain in his hands any surplus that may remain, subject to the order of the court, to await the final decree in the former litigation. Reference was made to the fact that the intention of an order in the former case and of this order was that the lien of a second security deed attacked in the former suit, if found by final decree to be valid in whole or in part, should, when the land should be sold as in this order provided, be transferred from the land to the proceeds thereof in the sheriff's hands. *Held:*

1. Under the pleadings and evidence, there was no abuse of discretion in refusing to grant the interlocutory injunction prayed to prevent the sale of the property levied on, because of any attack made upon the judgment on which the execution levied was based, on account of a

certain adjudication in bankruptcy or the discharge therein, which was set up as a reason why the execution could not proceed; or because of the contention that the debt was infected with usury.

2. The various directions given in the order, in addition to the refusal to grant the interlocutory injunction, as above indicated, were erroneous. *Brooke* v. *Jones*, 143 *Ga.* 684 (85 S. E. 879).

3. If there be a failure to enter on an execution a credit which should be so entered, this will not of itself be sufficient ground to warrant the grant of an injunction to arrest a levy and sale thereunder. *Brown* v. *Wilson*, 56 *Ga.* 534.

4. If the holder of a deed to secure an indebtedness recovers a judgment, but fails to comply with the statute in regard to the making and recording of a deed of reconveyance before the execution is levied on the property, the sheriff can not properly proceed to sell such property. But this could be set up by affidavit of illegality, and would not require the grant of an injunction, where no affidavit had been tendered to the sheriff and rejected by him. *McCandless* v. *Yorkshire etc. Corporation*, 101 *Ga.* 180(4), 182 (28 S. E. 663).

(*a*) It is not adjudicated whether the deed of reconveyance filed in this case was invalid or so irregular that the sale by the sheriff under a levy made upon the property would be void.

(*b*) At an interlocutory hearing at chambers, upon an application for an injunction to prevent a sale, for various reasons, including a contention that the judgment on which the execution was based could not proceed because of a discharge in bankruptcy, and setting up usury in the debt on which the judgment was based, it was error to grant an order allowing the plaintiff to withdraw the deed which it had made and filed for the purpose of a levy, and to make and file another in its place for such purpose. If the deed which had been filed so failed to comply with the statute that a valid levy could not be predicated upon it, it would seem that the plaintiff could dismiss his levy, file a proper deed, and relevy without any order. If the first deed was valid, and the levy based upon it was a lawful levy, an order allowing it to be withdrawn because of some apprehended irregularity was neither necessary nor proper. *Culver* v. *Lambert*, 132 *Ga.* 296 (64 S. E. 82).

5. The judgment is reversed, and direction is given that the presiding judge pass upon the application for an interlocutory injunction, in the light of the principles above announced, without the addition of the directions above indicated.

*Judgment reversed, with direction. All the Justices concur.*

JUNE 19, 1916.

Petition for injunction. Before Judge Fite. Gordon superior court. November 6, 1915.

*J. M. Lang* and *A. L. Henson*, for plaintiffs.

*O. N. Starr*, *J. G. B. Erwin*, and *Neel & Neel*, for defendants.