### 11152.  HANSEN *v.* LEATH.

Where an administrator, without authority, rents to a tenant lands belonging to the intestate, and afterwards, at a regularly authorized administrator's sale, sells the lands for the purpose of distribution and the payment of debts of the estate, the purchaser acquires the lands free from any right of possession in the tenant under the contract of rental previously had with the administrator. The tenant, on refusal to vacate after possession of the premises has been demanded by the purchaser, will be treated as a tenant holding over after the expiration of his term, and may be dispossessed by summary proceedings.

DECIDED JULY 19, 1920.

Eviction; from Ben Hill superior court—Judge Gower.   October 20, 1919.

On June 2, 1919, F. J. Hansen instituted proceedings to dispossess J. W. Leath as a tenant holding over after the expiration of his term of tenancy, and the tenant filed a counter-affidavit. Upon the trial of the issue thus formed the following appeared from the evidence:  J. W. Leath was a tenant of certain premises which he had occupied as tenant for a period of about ten years, having originally entered thereon under a parol contract with the owner, H. M. Warren, of rental for one year, the rent being payable monthly. After the expiration of the first year of the tenancy the tenant continued in possession of the premises as a tenant, without any further contract, and continued to pay the rent until the death of the owner, and continued thereafter to pay the rent to the owner's administrator.   There was an agreement between the tenant and the administrator, by the terms of which the rent contract was changed and an advance made in the amount of the rent, which advance rental the tenant paid.   Afterwards, during the life of this agreement between the administrator and the tenant, the title to the property was acquired by F. J. Hansen, who purchased it at administrator's sale, the sale occurring four years after the death of Warren.   The purchaser acquired title to the land on May 6, 1919, and on the next day he notified the tenant to vacate the premises by the 1st of June following.   On the latter date the tenant failed. or refused to vacate. The purchaser contended that the tenant's contract of rental with the administrator ceased upon the purchaser's acquisition of the title under the administrator's sale on May 6, and that on failure or refusal of the tenant to vacate by June 1, he was holding over beyond his term.   The trial judge, after

hearing the evidence, passed an order in the nature of a nonsuit, dismissing the case.

*D. E. Griffin,* for plaintiff.

*James H. Dodgen, A. J. McDonald,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) Upon the death of an intestate the lands descend to the heirs at law, but are incumbered with any right of possession previously given by the intestate to a tenant. The heirs, while having the legal title, cannot enter and take possession during the term of the tenancy. Where, however, there is no tenancy, and the right of possession and use is undisposed of, the heirs have a right to immediate possession of the lands, subject to the dower rights of the widow, if there be any, and to the right of the administrator to administer the estate according to law. It follows, therefore, that should any tenancy or right of use or possession created by the intestate expire after his death, the heirs at law would have the right of possession, and the administrator, acting as such, would have no right to create a new contract of tenancy or otherwise dispose of the right of use or possession, unless perhaps this would be necessary for the purpose of administering the estate. Whether or not the administrator has the right to make a contract of rental and dispose of the use and possession of the land of the estate without the consent of the heirs at law, he cannot create any incumbrance upon the land which would not be divested by a due and legally conducted administrator's sale. Since, in the case under consideration, it appears that the contract of rental in existence at the time the purchaser acquired title under the administrator's sale was not with the intestate, but was a contract of tenancy with the administrator, either by express agreement between the administrator and the tenant to pay an advance rent, or by an implied renewal of a yearly contract which the tenant had with the intestate, who had been dead for four years prior to the administrator's sale, it was not an incumbrance attached to the premises after title had passed under the administrator's sale duly made for the purpose of distribution and paying the debts of the estate of the intestate, and, therefore, the purchaser at that sale had a right to dispossess the tenant in possession under the contract of tenancy. The tenant having been given a certain number of days in which to vacate, the purchaser had a right to dispossess him upon his failure to vacate after the

expiration of the time allowed. It was therefore error to grant a nonsuit. See, in this connection, *Autrey* v. *Autrey,* 94 *Ga.* 579 (20 S. E. 431); *Myers* v. *Pierce,* 86 *Ga.* 786 (12 S. E. 978); *Mc-Daniel* v. *Edwards,* 56 *Ga.* 444; 11 Am. & Enc. Law, 1057, 1136. Estate of Merkel, 131 Pa. St. 584.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*