### BERCKMANS v. TARNOK et al.

GEORGE, J. Under the Civil Code (1910), § 2245, a receiver was appointed for the purpose of liquidating the assets of a corporation expiring by limitation of time. The business of the corporation was that of a nurseryman and horticulturist. There came into the hands of the receiver horticultural stock growing upon lands ·owned by others. Some months after his appointment the court ordered the receiver to make a sale of .the corporate property in its then condition, the sale to be made on time, and the deferred payments to be secured by a

mortgage on the property sold. To this order, its terms and conditions, all persons owning stock in the corporation consented. The property was sold by the receiver, and purchase-money notes taken for the deferred payments, secured by mortgage on the property sold. Upon the maturity of the purchase-money notes, the purchaser advised the receiver that he was unable to pay the same, and that he would have to surrender the possession of the property unless an extension of time was granted. The receiver applied to the court for direction; and the court, after notice to all parties at interest, and over objection of a holder of the minority of the stock in the dissolved corporation, ordered that the extension of time as requested by the purchaser be granted, and directed the receiver to prepare and present to the court a contract and mortgage carrying out the terms of the judgment. *Held:*

1. The court has power to vacate or modify any agreement or contract which the receiver has made, and to direct the making of another agreement, the opposite party to the contract consenting. High on Receivers (4th ed.), § 186, and cases cited in note.

2. Under the evidence in this case the court did not abuse his discretion in granting the extension of time asked by the purchaser, and in refusing to order the receiver to foreclose the mortgage as prayed by the objecting party.　　*Judgment affirmed. All the Justices concur.*

No. 1913. FEBRUARY 17, 1921.

Petition for direction; intervention. Before Judge Hammond. Richmond superior court. January 24, 1920.

The charter of the P. J. Berckmans Company, a private horticultural corporation, expired on March 13, 1918. Just before that date, at a called meeting, a majority of the stockholders, R. C., L. A., and P. J. A. Berckmans, each owning one fifth ($5000) of the capital stock, voted to discontinue the business and not to renew the charter. The other stockholder, Edith Frome Berckmans, owning two fifths ($10,000) of the capital stock, voted for the opposite course. Thereafter, in proceedings instituted by R. A. and P. J. A. Berckmans against the other persons named, L. A. Berckmans was appointed receiver, under the Civil Code, § 2245, to wind up the business of the corporation; all of its growing plants, greenhouses, etc., at that time being located on realty rented by it from its stockholders. Under direction of the court the receiver continued the business until December 31, 1918, when, on consent of all the stockholders, the court authorized a sale of the business and assets to Sigmund Tarnok for $40,000, of which $5000 was paid in cash, and the balance was to be paid as follows: $5000 on March 1, 1919, $10,000 on May 1, 1919, $5000 on November 30, 1919, and $15,000 (less a credit of $5000 on certain con-

ditions) on December 31, 1919. All of the time payments were secured by a mortgage on the property sold. The instalment due March 1, 1919, was paid; that due May 1, 1919, was not paid, but payment was extended, by agreement of all stockholders, until December 1, 1919. At the time of the purchase, in order to preserve the growing plants, Tarnok rented from Berckmans Brothers the lands upon which some of the plants purchased were growing, with the option to purchase these lands on certain conditions; and upon these lands Tarnok erected a new packing-house, built new roads, etc. In July, 1919, Tarnok associated with himself in the business J. G. Bailie and T. J. Gwin as partners under the name of Sigmund Tarnok & Company. Bailie and Gwin purchased on time certain lands from Irvin Alexander; and the partnership placed thereon a large quantity (several greenhouses, plants, etc.) of the mortgaged horticultural property bought from the receiver; so that towards the first of December, 1919, the mortgaged property was located and growing on both the realty of Berckmans Brothers acquired by Tarnok under the lease with option to purchase, and upon the lands so acquired from Alexander. The partnership was thus carrying on the business when the indebtedness for the purchase-money fell due; but none of it was paid, although they had made many sales of the property from time to time, as was permitted by the mortgage, and by its terms its lien was discharged as to the property so sold.

On January 1, 1920, the partnership requested a further extension for four years, offering to pay $5000 in cash, and $5000 a year thereafter. At the same time Bailie and Gwin denied any personal liability, except to the extent of the partnership assets, for the indebtedness of $25,000. The receiver presented a petition bringing this situation to the attention of the court, and asking for instructions. In his opinion the extension should be granted, upon the payment of $5000 in January, 1920, and $5000 a year for the next four years, with interest. The court issued a rule requiring all parties at interest to show cause why this should not be done, and to submit such offers or plans as they desired. Tarnok, Bailie, and Gwin represented that they had been unable, owing to weather conditions, etc., to make the payments as contracted. The Messrs. Berckmans consented to the extension. Mrs. Berckmans, as owner of two fifths of the property sold and secured by the mortgage

debt then due, objected because the extension was too long, and her interest was in danger of being lost, and was in the hands of persons who were selling the property and yet denying personal liability to respond therefor. She prayed, that the extension be refused; that the mortgage be foreclosed; that the nursery property with the land on which it was growing be sold as a whole; and that the partners be enjoined from making further sales of the mortgaged property. She tendered the amount of money called for by the option from Messrs. Berckmans to Tarnok for the realty on which the plants were growing; offering also, at any public sale of the mortgaged property, to start the bidding at $12,500. Messrs. Berckmans refused the tender of $25,000 for their land. The court, believing it to be to the best interest of the receivership, stated that the extension asked for would be granted on stated conditions as to additional mortgage and modifications of lease terms to protect the receiver; and directed counsel for the receiver to draw such contracts as would carry this into effect. Further hearing was adjourned until the contracts could be prepared and submitted. Upon receipt of the form of contracts Mrs. Berckmans amended her response, setting out her objections in detail, claiming that to prevent loss of her interest she was entitled to be subrogated to the rights of Tarnok (to protect which interest she again tendered the purchase-money called for by the option between Tarnok and Messrs. Berckmans), and praying for injunction against executing and carrying into effect the proposed contracts. On this amendment the court issued a further rule to show cause; and at the hearing Mrs. Berckmans renewed her objections, claims, prayer, and tender; which tender was again refused, as also was her prayer. At the hearing there was testimony tending to show, among other things, that the receiver and the court knew, when the sale to Tarnok was made, that the prospect of realizing the purchase-money was remote, notwithstanding which all the stockholders were willing to take the chance, and consented to the sale; that $15,000 of the purchase-price had been paid; that Bailie and Gwin each contributed $5000 to the partnership; that after a year's business the receiver had as much security for the remaining $20,000 thereof as he had for the $35,000 owed when the sale was made; that the business, practically unproductive when sold, was prospering at the close of the year;

that the business for 1920 would be conducted at a saving of $1800 in rent; that removal expenses, costly and onerous in 1919, would not be incurred in 1920; and that the salaries of Tarnok and Bailie were each $200 a month, Gwin drawing no salary.

The order granting the extension was passed, and the receiver was directed to enter into the contract exhibited, on condition that Tarnok execute and deliver to him a chattel mortgage on all subsequently acquired property, including the improvements placed on the Berckmans land and on that bought of Alexander; and on condition that L. A., R. C., and P. J. A. Berckmans execute and deliver an instrument extending the right to renew lease of their property to Tarnok & Company, and extending the time to exercise the option to purchase, in accordance with the terms of the extension agreement exhibited to the court. To this judgment Mrs. Berckmans excepted, making several detailed assignments of errors of law, and contending (in brief) that although foreclosure of the mortgage was prayed by her as part owner of the debt, and although the mortgagor admitted the debt and offered no defense, the foreclosure was refused and payment of the debt was extended for four years; and that the property, in danger of loss, was allowed to remain in the hands of, and to be daily sold by, persons who refused to become individually liable therefor, from whom no bond was required, and against whom injunction was refused. It appears that the $5000 payment required of Tarnok & Company in January, 1920, was made; and that the additional mortgage and the new contracts required by the court's order were executed and delivered.

*W. K. Miller,* for plaintiff in error, cited, on mortgage foreclosure; time extension; protection of property, etc.: Civil Code, §§ 3286, 3289, 3300, 3301; 3617; *Spencer* v. *Solomons,* 129 *Ga.* 31; *Myers* v. *Pierce,* 86 *Ga.* 786; *Washington Trust Co.* v. *Pittsburg-Bartow Co.,* 136 *Ga.* 180; *Brunswick Trust Co.* v. *Bank,* 102 *Ga.* 776; *Wade* v. *Calhoun Bank,* 145 *Ga.* 395; *National Bank* v. *Amoss,* 144 *Ga.* 426; *Southern Cotton Mills* v. *Ragan,* 138 *Ga.* 507; *Chestatee Pyrites Co.* v. *Cavenders Creek Co.,* 118 *Ga.* 255; *Bagley* v. *Columbus So. Ry. Co.,* 98 *Ga.* 642; *Perry* v. *Paschal,* 103 *Ga.* 133, 140, and cit. Sale and subrogation: 25 R. C. L. 1312, 1316, 1320, 1345; *Peagler* v. *Davis,* 143 *Ga.* 14; *Wilkins* v. *Gibson,* 113 *Ga.* 31, 51; *Valdosta Bank &c. Co.* v. *Pendleton,*

145 *Ga.* 336; *Black* v. *Maddox*, 104 *Ga.* 158; *Hardin* v. *Case*, 134 *Ga.* 814; *Miller* v. *Watson*, 139 *Ga.* 29; *Cowart* v. *Singletary*, 140 *Ga.* 447; Civil Code, §§ 6037, 6039; M. & L. R. Co. *v.* Dow, 120 U. S. 287 (7 Sup. Ct. 482, 30 L. ed. 595). Partnership assets and liability; Civil Code, §§ 3189, 4602. Injunction: *Kirtland* v. *Macon*, 62 *Ga.* 747. Cf. *Stuard Lumber Co.* v. *Taylor*, 150 *Ga.* 125.

*Alexander & Lee* and *Cumming & Harper*, contra.