

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 29, 1962

Honorable J. C. Dolley
Vice-Chancellor(Fiscal Affairs)
The University of Texas
Austin 12, Texas

Opinion No. WW-1369

Re: Mose A. Gimbel's
Estate

Dear Mr. Dolley:

In a recent opinion request of this office, your requesting letter states as follows:

"An official opinion of your office is requested on the following factual situation in connection with the administration of the Estate of Mose A. Gimbel, deceased, wherein The University of Texas M. D. Anderson Hospital and Tumor Institute has been designated as a beneficiary pursuant to paragraph 4 of the will which reads:

"'It is my will and I do hereby provide that my said Trustee shall hold and administer my estate for one year after the death of my said sister, or until the New Medical Center adjoining Hermann Hospital is developed, when my remaining estate shall be liquidated and my entire estate remaining estate shall be used for the erection of a building in said Medical Center, said building to be used for the purpose of advancing the cure of cancer; said building to be dedicated in memory of my beloved parents, Louis and Amelia Gimbel.'

"Mr. Gimbel of Houston, Harris County, Texas, executed his will on August 9, 1950, in conformity with law and later on October 7, 1954, executed a codicil. The will was admitted to probate in October, 1958, in the Probate Court of Harris County, Texas. The Executors, the Texas National Bank of Houston, who is also the Trustee under

said will, and Herbert S. Gimbel of Miami, Florida, have designated The University of Texas M. D. Anderson Hospital and Tumor Institute as the institution to receive the remainder of the estate. Present plans call for a new building on the north end of the Clinical Services Wing which will have seven floors with approximately 4,200 square feet of space to each floor, giving a total additional area of approximately 29,400 square feet. This building will be erected on a basement and ground floor which was provided in an earlier construction program. It will be erected as a separate building and operated as an integral part of the M. D. Anderson Hospital and Tumor Institute, an institution established for the purpose of research for advancing the cure of cancer. The building will be dedicated to the memory of the parents of Mose A. Gimbel, namely, Louis and Amelia Gimbel. There is attached to this request for your information a brochure containing the construction plan, the various departments to be housed in the building, together with a data sheet containing general information as to the organizational framework of The University of Texas M. D. Anderson Hospital and Tumor Institute.

"It should be mentioned that The University of Texas M. D. Anderson Hospital and Tumor Institute is within the Texas Medical Center. The Center is located on a tract of land consisting of approximately 140.321 acres which was conveyed to Texas Medical Center, Inc., by the M. D. Anderson Foundation by deed dated February 22, 1946, recorded in Volume 1381, page 22 of the Deed Records of Harris County, Texas. There are approximately fifteen institutions within the Center, including the Post Graduate School of Medicine, Dental School, School of Nursing, Speech and Hearing Center, Psychiatric Institute, Children's Hospital and other hospitals. Vast sums of money have been expended for capital improvements approximating an investment of $100,000,000. Further, large sums of money are spent annually on institutional budgets of the various institutions, which

indicates clearly that the Texas Medical Center has been developed sufficiently within the contemplation of the will.

"There is attached for your information a brochure indicating the facilities located within the Medical Center. The hospitals are:

"1. The University of Texas M. D. Anderson Hospital and Tumor Institute with 300 beds and 300 patients daily, the full-time staff consisting of 76 members with 43 part-time staff members, 19 volunteers, and 81 consultants.

"2. New Hermann Hospital - 375 beds, Old Hermann Hospital - 250 beds

"(a) Nurses residence

"(b) Arabian Temple Clinic and Children's Hospital have a working arrangement with this hospital

"3. St. Lukes Hospital - 340 beds

"4. Texas Children's Hospital - 115 beds

"5. Methodist Hospital

There is also under construction a City-County Hospital which will be completed this fall with a 720 bed capacity. The Baylor School of Medicine within the Texas Medical Center has 360 students, 90 faculty members and many volunteer faculty. The Dental School has an enrollment of 350 students and also operates a School of Dental Hygiene.

"Inasmuch as the Executors and the Trustee have designated the University of Texas M. D. Anderson Hospital and Tumor Institute as a beneficiary under the will, we therefore request your opinion as to the validity of the grant to the University of Texas under the provisions of paragraph 4 of the will of Mose A. Gimbel, deceased, and whether the University would be authorized to accept the same.

"A copy of the will and the codicil of Mr. Gimbel are also enclosed for your consideration. We have requested a certified copy of the Order admitting the will to probate and Letters Testamentary which will be furnished you upon receipt.

"Thank you for your cooperation in this connection."

Your requesting letter was supplemented by a letter from Mr. Burnell Waldrep, Land and Trust Attorney, University of Texas, which reads in part as follows:

"The following are enclosed in connection with our request for an opinion of your office relative to the Estate of Mose A. Gimbel, deceased:

"1. Letter from Mr. Tom Eubank to M. D. Anderson Hospital and Tumor Institute, dated June 11, 1962, relative to the validity of the grant under the will of Mose A. Gimbel, deceased.

"2. Letter from Mr. Arthur Trum, Vice President and Senior Trust Officer of the Texas National Bank, Houston, Texas, and Herbert S. Gimbel in their capacity as Independent Co-Executors and the Bank in its capacity as Testamentary Trustee relative to the selection of M. D. Anderson Hospital and Tumor Institute as a beneficiary under the will.

"3. Letter from Mr. Eubank to me relative to the letters.

"4. Order admitting the will to probate in Harris County, Texas (No. 65,048).

"5. Letters Testamentary."

First, your opinion request presents the question of whether paragraph four of the Mose Gimbel will is definite and certain enough to constitute a valid charitable trust under Texas law.

We are of the opinion that under Texas law as explained, elaborated on, and as held in the cases of Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326 (1946);

Powers v. First National Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273 (1942); Rentz v. First National Bank of Corsicana, 325 S.W.2d 958 (Civ.App. 1959, error ref.), the will of Mose A. Gimbel creates a valid charitable trust. Among the specific categories enumerated as charitable purposes in the Boyd case, supra, which might be the basis of charitable trusts are: (1) the advancement of education; (2) the promotion of health; (3) governmental or municipal purposes; and (4) other purposes the accomplishment of which is beneficial to the community.

Mose Gimbel by paragraph four of his will states that his residuary estate is to be used for the erection of a building in

"the new Medical Center adjoining Hermann Hospital."

The new Medical Center adjoining Hermann Hospital does mean and could only mean what is now called the Texas Medical Center located in Houston, Harris County, Texas. Mose A. Gimbel by the provisions of his will states that he is a resident of Harris County, Texas. The Hermann Hospital standing on the Old George Hermann 20-acre estate had long been a landmark of Houston, Texas, at the time Mose A. Gimbel executed his will.

The Texas Medical Center was formed on November 1, 1945. On February 28, 1946, the M. D. Anderson Foundation presented a deed to the Texas Medical Center, Inc. for more than 130 acres of land, adjoining the Hermann Hospital Properties. The Texas Medical Center was

"formed exclusively for benevolent, charitable and educational purposes."

Paragraph four of the Mose A. Gimbel will further states that the proposed building aforementioned is

"to be used for the purpose of advancing the cure of cancer."

Such a purpose as advancing the cure of cancer would fall into each of the four purposes set out above which were held to be charitable purposes in the Boyd case, supra.

Under these facts and the authorities cited, we are of the opinion paragraph four of the Mose A. Gimbel will created a valid charitable trust, with the Texas National Bank of Houston, Texas, as trustee.

Having made this determination, we are next confronted with the question of when may the trustee act regarding the erection of the proposed building. The Gimbel will provides in paragraph four that

"the trustee shall hold and administer my estate for one year after the death of my said sister, or until the new Medical Center adjoining Hermann Hospital is developed"

before the erection of the proposed building.

It should be noted that the two above quoted provisions or conditions as to when the proposed building shall be erected are disjunctive and not conjunctive. When either of the two has occurred, the building might be erected under the terms of the will.

In the instant case, we are of the opinion that both conditions have transpired. Mose A. Gimbel's sister, Tillye Gimbel, died between the years 1950 and 1954. We are of the opinion that the Texas Medical Center "is developed" within the meaning of the second condition mentioned above.

Webster's New International Dictionary, Second Edition, 1958, defines develop in part:

" . . .

"5.  to make more available or usable; as to develop water power, natural resources, or building sites.

" . . .

"13.  Real Estate.  To convert from a tract of raw land into an area suitable for residential or business uses."

From the brochure regarding the Texas Medical Center attached to your opinion request, it is noted that over 56 million dollars worth of buildings have been built in the Center. Capital investments in all units exceed 94 million dollars; the annual budgets are in excess of 35 million dollars; streets have been built for the entire area and subdivision plans prepared therefor. Certainly the Texas Medical Center is developed

within the language of Mose A. Gimbel's will and charitable trust. We are of the opinion both conditions have occurred.

The third and fourth questions presented by your request are: Does the M. D. Anderson Hospital and Tumor Institute constitute a charitable beneficiary under paragraph four of Mose A. Gimbel's will to which his trustee is authorized to grant the proposed building or funds, therefor, and, if it does constitute a charitable beneficiary, will the structure proposed to be built constitute a building under the terms of the will?

The M. D. Anderson Hospital and Tumor Institute is a State Institution created by H. B. 268, Acts 47th Leg., R.S. 1941, Ch. 548, p. 878, and Acts 51st Leg., 1st C.S. 1950, Ch._____, p._____, and is a unit of The University of Texas System operating under the control and management of the Board of Regents of the University of Texas.

The Board of Regents determined to locate the M. D. Anderson Hospital and Tumor Institute in the Texas Medical Center in Houston. The Board of Directors of The Texas Medical Center has designated The University of Texas M. D. Anderson Hospital and Turmor Institute as the official institution for cancer research and care within the Center.

Under these facts, in our opinion, The University of Texas M. D. Anderson Hospital and Tumor Institute constitutes a valid, legal, charitable beneficiary under the terms of the Mose A. Gimbel will to receive the building or funds, therefor, proposed by paragraph four of the will from the Texas National Bank as trustee of said trust and co-executor of said estate and from Herbert S. Gimbel, co-executor of said estate.

In 12 C.J.S. 379, building, as a noun, is defined in part:

> ". . . /an/ addition to a building already constructed, where it forms so considerable part of the original building as to constitute a new building . . . "

To this same effect are Willis v. Boyd, 29 S.E. 707, 103 Ga. 130; Rice v. Board of Police Com'rs. of City of Wornsocket, 97 A. 19, 39 R.I. 22.

In the instant case, it is proposed that the new building shall have seven new floors of 4,200 square feet floor space each,

an elevator, and is to be constructed at a cost of $1,058,400. This new building will have plaques placed at each entrance thereto stating that the building is

Dedicated in Memory of
Louis and Amelia Gimbel
by
Mose A. Gimbel.

We are of the opinion that under these facts the proposed building comes within the purview and intent of paragraph four of the Mose A. Gimbel will.

Finally, we are confronted with the question of whether The University of Texas can accept the proposed grant from the trustee of the Mose A. Gimbel trust. By the provisions of Article 2603e, Section 12, Vernon's Civil Statutes, The University of Texas is authorized to accept grants or gifts from other than State sources on behalf of the M. D. Anderson Hospital and Tumor Institute, Texas Medical Center, Houston, Texas. It might also be pointed out that under the Appropriation Act of the 57th Legislature, the University is also authorized to accept gifts on behalf of the M. D. Anderson Hospital and Tumor Institute.

Therefore, we are of the opinion that the Board of Trustees of The University of Texas is authorized to accept the grant from the Texas National Bank, trustee of the Mose A. Gimbel charitable trust set forth in paragraph four of his will.

## SUMMARY

Paragraph four of the Mose A. Gimbel will creates a valid charitable trust. The proposed grant by the Texas National Bank of Houston, Texas, trustee of the Mose A. Gimbel trust of a building to be erected on the north end of the Clinical Services Wing of the M. D. Anderson Hospital and Tumor Institute is a valid grant to The University of Texas under the terms of the Mose A. Gimbel will and trust, which The University of Texas is authorized to accept.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Milton Richardson

Milton Richardson
Assistant Attorney General

MR:afg:me

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Bob Shannon
Robert Lewis
Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.