NATHAN TUFTS & others *vs.* MAYOR AND ALDERMEN OF SOMERVILLE.

Middlesex.    Jan. 10. — March 7, 1877.    COLT & AMES, JJ., absent.

The St. of 1871, *c.* 382, § 1, providing that " the board of city or town officers authorized to lay out streets or ways " may assess a proportional share of the expense of laying out, altering, widening, grading or discontinuing a street or way, upon any real estate benefited thereby, does not apply to the locating anew of a high way by the county commissioners, under the Gen. Sts. *c.* 43, § 12, as amended by the St. of 1873, *c.* 165.

PETITION for a writ of certiorari. The case was reserved by *Morton*, J., upon the petition and answer, for the consideration of the full court, and is stated in the opinion.

*C Robinson, Jr.,* for the petitioners.

*S. C. Darling,* for the respondents.

MORTON, J.    The Gen Sts. *c.* 43, § 12, as amended by the St. of 1873, *c.* 165, provide that when application is made to the county commissioners "by a town, or by five inhabitants of a town, to locate anew a road within such town," "they may, either for the purpose of establishing the boundary lines of such road, or of making alterations in the course or width thereof, locate it anew, after giving like notice, and proceeding in the manner prescribed in laying out highways. The expense shall

be assessed upon the abutters or the petitioners, or upon the town or county as the commissioners order."

The St. of 1871, *c.* 382, § 1, provides that " at any time within two years after any street, highway or other way is laid out, altered, widened, graded or discontinued, when in the opinion of the board of city or town officers authorized to lay out streets or ways respectively therein, any real estate including that, a part of which may have been taken for such purpose, shall receive any benefit and advantage therefrom, beyond the general advantages to all real estate in the city or town where the same is situated, such board may adjudge and determine the value of such benefit and advantage to any such estate, and may assess upon the same a proportional share of the expense of laying out, alteration, widening, grading or discontinuance."

It appears from the return of the respondents that in May, 1872, more than five inhabitants of Somerville made application to the county commissioners to locate anew Milk Street in said Somerville, under the Gen. Sts. *c.* 43, § 12 ; that the commissioners proceeded under said petition, and, after due notice to all parties, in September, 1873, located anew said Milk Street, assessed damages to various persons whose lands were taken, and adjudged that the expenses, including land damages, should be paid by the city of Somerville ; and that afterwards the board of mayor and aldermen of Somerville, assuming to act under the St. of 1871, *c.* 382, assessed a part of said expenses upon the petitioners and others whose estates were specially benefited by the relocation. The question in the case is as to the legality of this assessment.

It is not contended that the St. of 1871 repeals § 12 of the Gen. Sts. *c.* 43. It does not expressly repeal it, and there is nothing in the statute to indicate an intention by the Legislature to take away or diminish the powers of the county commissioners in laying out, altering, discontinuing or locating anew highways. The two statutes are to be construed together as parts of one system. The question then is whether the St. of 1871 was intended to apply to a case of locating anew under the General Statutes. The cases included in its terms are cases of laying out, altering, widening, grading and discontinuing, but it does not in terms include cases of locating anew.

The purpose of locating anew is mainly to establish the boundary lines of a road which are in doubt or dispute, and the Legislature has always applied to it different rules from those which govern the laying out, altering or discontinuing highways. *Hadley* v. *County Commissioners*, 11 Cush. 394. *Damon* v. *Reading*, 2 Gray, 274. By the St. of 1835, *c.* 152, § 8, the county commissioners could locate anew a road only upon the application of the town, and the town was required to pay all the expenses. The same provisions were reënacted in the Rev. Sts. *c.* 24, § 9. By the St. of 1851, *c.* 214, the commissioners were authorized to locate anew a road within any town, upon the application of any five inhabitants of the town, in which case the persons making the application were required to pay all the expenses. Upon the revision of the statutes in 1860 the Legislature amended the law by enacting that the expense shall be assessed upon the petitioners, or upon the town or county, as the commissioners order; and in 1873 the further amendment was made by which the commissioners might assess the expenses in whole or in part upon the abutters. Gen. Sts. *c.* 43, § 12. St. 1873, *c.* 165.

This review of the statutes shows that the Legislature has always treated the subject of locating a road anew, as distinct from that of laying out, altering or discontinuing; and the inference is very strong that if it had intended that the St. of 1871, *c.* 382, should apply to locating anew, it would have distinctly so said, in the terms always used when dealing with this subject. And there are strong reasons why the St. of 1871 should not apply to cases of locating anew, so long as § 12 of the Gen. Sts. *c.* 43, remains in force. The power in the county commissioners to assess the expenses upon the abutters, petitioners, town or county, as they shall determine, is inconsistent with an authority in the officers of a city or town to assess such expenses or any part of them upon such abutters or petitioners. The provisions of the General Statutes as amended import that the county commissioners shall have jurisdiction to determine what portion of the expenses of locating anew shall be paid by the abutters. They are to do this, not arbitrarily, but with a view to the benefits received by them. When they have determined what portion of the expenses is to be paid by the abutters, and what portion by the town or city, it is not to be presumed, unless so provided

in direct terms, that the Legislature intended that the officers of the town or city might revise their determination, and assess upon such abutters the whole or a part of the proportion of the expenses which the commissioners have adjudged should be paid by the town or city.

We are of opinion, therefore, that the St. of 1871 does not apply to a case where the county commissioners have located anew a road under the General Statutes, and that the proceedings of the board of mayor and aldermen of Somerville laying an assessment upon the petitioners was illegal.

*Writ of certiorari to issue.*