SUSAN S. CONANT, appellant from decision of County
Commissioners.

Cumberland.    Opinion June 21, 1890.

*Way. Damages. Right of appeal, R. S., c. 18, § 11.*

A land owner, whose real estate is damaged by the action of county commis-
sioners in locating and defining the limits and boundaries of a highway
under R. S., c. 18, § 11, can appeal to the supreme judicial court from the
county commissioners' award of damages.

ON EXCEPTIONS.

The hearing in this case was on a motion, at *nisi prius*, to
dismiss an appeal from the decision of the county commissioners
for Cumberland county.

It appeared that in pursuance of a petition of the municipal
officers of Westbrook, the county commissioners proceeded to
make and establish the existing boundaries of an existing
highway, in that town, called the Stroudwater road. They
awarded the appellant no damages. She claimed that she was
aggrieved by this decision and had the right to appeal. Counsel
for the county denied her right to appeal, and moved that the
appeal be dismissed.

The presiding justice overruled the motion and the county
excepted to the ruling.

The appeal, filed in this court, after stating the proceedings
taken by the municipal officers and county commissioners,
alleges that, "said Stroudwater road has been used within
substantially the same boundaries and limits for a long time,
to wit, for fifty years; and the land of your complainant
adjacent thereto was enclosed with a sufficient and substantial
fence; and that said commissioners have included within their
boundaries, established as aforesaid, a large quantity of your
complainant's land situated between the line of said road as
heretofore used and fenced and the limits defined in their said
return, to wit, two acres of land.

"That the land so taken and included is of great value, and

that by such taking she will wholly lose the use thereof, and will be put to great expense to build and maintain new fences thereon, and, that by such taking, her remaining land is greatly reduced in value. All which is to the damage of your complainant," &c.

The motion to dismiss alleged, "1, That this court has no jurisdiction of said appeal upon the facts recited in the complaint filed by the appellant in this cause. . . . 3, That the decision of the county commissioners upon the question of damages caused to real estate adjoining highways by the action of said county commissioners in locating and defining the limits and boundaries of such highways, is final and not subject to an appeal to this court."

*Coombs and Neal*, for respondents.

The appellant is not deprived of any lawful use or possession, but is simply ejected from the public way upon which she has trespassed. It is presumed that the land owner at the original taking received compensation for all damages, present and prospective, and has no ground of complaint on account of the present action, defining the limits and boundaries of the same way. The statute provides a remedy where none before existed; no rights of abutters are affected by the proceedings. The remedy provided is the only one open; gives no right of appeal, and none will be implied.

Damages, if any, nominal. *Stetson* v. *Bangor*, 60 Maine, 313; *Bartlett* v. *Bangor*, 67 *Id.* 460; *Stetson* v. *Bangor*, 73 *Id.* 357. Abutters can suffer no damage in simply locating and defining the limits and boundaries, of an existing and duly located highway, in accordance with the original location. The allegations in regard to the fences are surplusage. If they had existed for more than forty years, the fact should have been presented at the hearing and claim made under R. S., c. 18, § 95. It is to be presumed that the fact was otherwise determined, or attention not called to it. This proceeding is not an extension over additional territory. No change of boundaries is contemplated by it. It is not to be presumed that the

commissioners proceeded to alter and widen the way under a proceeding to locate original boundaries of a highway.

*F. M. Ray,* for appellant.

Land has been actually taken and included within the new location. Compensation is sought for direct and not indirect injury. Statute, construed in connection with other portions of same chapter, gives the right of appeal. It may exist although not given in express terms. *Cole* v. *Co. Com.* 78 Maine, 532; *Wells* v. *Co. Com.* 79 *Id.* 522. When the true boundaries are lost, &c., the statute gives commissioners authority to proceed to hear the parties, &c., and if land is taken, they must follow the requirements of existing laws in reference to the laying out of ways. Such construction is required to keep it within the provisions of the constitution, both state and national. *Howe* v. *Cambridge*, 114 Mass. pp. 390-391. The commissioners' return shows a new location four rods wide; does not show the width of the original road, or that they conformed to the original boundaries. Fences named in complaint, by statute, must be presumed to have been the true boundaries, &c. Going inside such fences, they took land of private owners for public uses, for which damages should have been awarded. Amount of damages awarded is not involved in the right of appeal. Counsel also cited: *Holbrook* v. *Holbrook*, 1 Pick. p. 254; *Mendon* v. *County of Worcester*, 10 Pick. 234.

EMERY, J. By R. S., c. 18, § 11, (the chapter on ways) when the true boundaries of a duly located highway become uncertain, &c., the county commissioners, upon petition of the municipal officers of the town, and upon specified notice, are to hear the matter, and to locate and define the limits and boundaries of the highway within the town, and erect durable monuments; and if any real estate is damaged by such action, they "shall award damages to the owner as in laying out new highways." The statute says nothing more about an appeal in such cases.

The appellant does not question the regularity of the proceedings in this case,—that they were according to the statute.

She claims, however, that her real estate was damaged by this action of the county commissioners, and that they did not award her sufficient damages therefor. Upon this question of damages only, she claims an appeal to this court, being content to abide the action of the commissioners in other respects. The county objects to the appeal being entertained, placing its objection on the ground that the statute does not provide for an appeal.

The question presented is, whether the legislature by the language of this statute, intended that the owner of land injured by such proceedings should abide by the judgment of the county commissioners, as to the amount of his injury, without right of appeal. We do not think it did.

The legislature expressly declared, that if any real estate was damaged by such action of the commissioners, damages should be awarded to the owner. Assuming the injury such as would entitle the sufferer to compensation under the legal principles governing such cases, the legislature declared that compensation should be made in these cases, as well as in those where a new way was located. It would be unreasonable to assume, in the absence of express words, that the legislature intended to deprive the land owner of the usual facilities for obtaining full and just compensation.

Whether the public exigency requires the damage to be done for the public good, is often left to be determined by a special, limited tribunal without appeal. *Banks, app'lt*, 29 Maine, 288 ; *Freeman* v. *Co. Com'rs*, 74 Maine, 326. As just compensation is to be paid him for the injury, it can not matter much to the citizen what tribunal shall finally adjudicate upon the necessity of the damage. But it does matter greatly to the citizen, what tribunal shall finally conclude him upon the amount of his compensation. The Bill of Rights declares that in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it had theretofore been otherwise practised. This right should be recognized in all such controversies between the citizen and the government. The spirit of legislation upon the subject has always been in harmony with this principle, and, whatever the omission of

words in this statute, we should be slow to infer any intention to violate the principle.

Our conclusion is, that in providing for an award of damages " as in laying out new highways," the legislature intended that the citizen should have the same right of appeal, as in cases of laying out new highways ; and hence that this appeal should be entertained.   The refusal to dismiss was correct.

Whether the damage is such as entitles the appellant to any compensation, is of course another question.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.