HERBERT A. RICE, Atty. Gen., *ex rel. vs.* BOARD OF POLICE
COMMISSIONERS OF CITY OF WOONSOCKET.

APRIL 12, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Intoxicating Liquors.   Building Within 200 Feet of School.*

Gen. Laws, 1909, cap. 123, § 2, prohibits the granting of a license for the sale
of liquors in any part of a building in case that or any other part of such
building is within two hundred feet, measured by any public travelled way
of the premises of a public or parochial school, unless the license be for the
sale of such liquors in a tavern that was licensed on the date named in said
section.

*(2)   Intoxicating Liquors.   Distinct Buildings.*

The fact that the building for which a license is sought is placed beside and
against another building which latter building is within the prohibited area,
and that some of the outer parts of the former building are attached to
the outer wall of the latter building, does not make them one building,
where there is no interior connection or means of passage between the two.

CERTIORARI.   Heard on petition for writ and denied.

SWEETLAND, J.   This is a petition for a writ of *certiorari*
brought in the name of the Attorney General at the relation
of William A. Prince, a citizen and taxpayer of the City of
Woonsocket, against the Board of Police Commissioners of
Woonsocket.   ·

The respondents are empowered to grant licenses for the
sale of intoxicating liquors within Woonsocket.   The writ
of *certiorari* is sought to compel the members of said board
to certify the records relating to their action in granting
the application of one Moise Gagnon for a second-class liquor
license for the sale of spirituous and intoxicating liquors
at a building or place numbered 349 Diamond Hill Road, in
Woonsocket, and in issuing a license to said Gagnon to sell
spirituous and intoxicating liquors at the building or place
so numbered, and further that the record may be reviewed
by this court and said action of the respondents quashed
for illegality.

The illegality complained of is that said license was issued by the respondents in violation of the provision contained in Section 2, Chapter 123, Gen. Laws, 1909, that no license shall be granted for the sale of spirituous or intoxicating liquors "in any building or place, except taverns that were licensed on the twenty-second day of May, nineteen hundred eight, within two hundred feet, measured by any public travelled way, of the premises of any public or parochial school."

Said license to Moise Gagnon was issued by the respondents on November 23, 1915. It is claimed by the petitioner that said building or place numbered 349 Diamond Hill Road was not a tavern licensed on the twenty-second day of May, nineteen hundred eight, and that said building or place is and was on November 23, 1915, within two hundred feet, measured by a travelled way, of the premises of the Pothier School, a public school of the City of Woonsocket. The premises of said Pothier School are situated on the westerly side of Social street about one hundred and twenty feet from its intersection with Diamond Hill Road. The building or place numbered 349 Diamond Hill Road is on land of one Lachapelle; which land of Lachapelle is situated on the southeasterly corner of the intersection of Social street with Diamond Hill Road. Just before November 1, 1915, the buildings on said land of Lachapelle consisted of the following structures: On the southeasterly corner of Social street and Diamond Hill Road placed on the land at the lines of the streets, was a two and one-half story dwelling house, containing a shop on the first floor. Adjoining said dwelling house with a portion of its roof attached to the easterly outer wall of said dwelling house was a one-story shed located on the street line of Diamond Hill Road and extending easterly about forty-five feet along said Diamond Hill Road. East of said shed, and separated from it, was a small building located on the street line of Diamond Hill Road and entirely occupied by the shop of a shoe repairer. On November 1, 1915, said Lachapelle began to build a one-story structure

on his land. He commenced said work by constructing a tight, unbroken partition running north and south across said shed, about fourteen feet from the easterly end of said shed. He then cut off all of said shed which was east of said partition, leaving said partition as the easterly wall of said shed. Against this easterly wall he then built said structure extending it up to, around and over the shop of the shoe repairer, incorporating said shop in the new structure. On November 23, 1915, this new structure was nearly completed, and at that time contained at its easterly end the shop of the shoe repairer and in the remaining portion another shop with a door numbered 349 Diamond Hill Road.

The distance from the northeasterly corner of the premises of said Pothier School, diagonally across Social street, to the northwesterly corner of said dwelling house of Lachapelle is about one hundred and thirty-two feet. From the same point on said school premises along Social street and Diamond Hill Road to the nearest point of said shed is about one hundred and sixty-four feet, and from said point on the school premises to the center of the door of said shed is about one hundred and eighty-seven feet. From said point on the Pothier School premises along Social street and Diamond Hill Road, in the most direct line, to the nearest point of the new structure built by Lachapelle, the distance is two hundred and five and eight-tenths feet.

In an opinion given to the Governor by the judges of this court, contained in 13 R. I., at page 736, the following statutory provision was construed: "Nor shall any license be granted for the sale of such liquors in any building or place within four hundred feet of any public school." The judges said that the prohibition contained in the provision "covers the entire space around any public school for four hundred feet, so that a 'building or place' is within four hundred feet of a school, whenever, measuring in a straight line, any part of it is within four hundred feet of any part of the school." We agree with said opinion and consider it applicable to the statutory provision, quoted above, which is now under

(1) consideration.  We construe that provision as intending to prohibit the granting of a license for the sale of spirituous or intoxicating liquors in any part of a building in case that or any other part of such building is within two hundred feet, measured by any public travelled way of the premises of a public or parochial school, unless said license be for the sale of such liquors in a tavern that was licensed on the date named in said provision.

The petitioner contends that under this construction of said provision the action of the respondents, now under consideration, was illegal because it was the granting of a license for the sale of such liquors in a building a portion of which was within two hundred feet of the Pothier School measured by a travelled way.  This claim of the petitioner is based upon his construction of the evidence, from which he asserts that all the structures on the land of Lachapelle, above mentioned, constituted one building.  The petitioner further urges that if we do not find the shop numbered 349 Diamond Hill Road to be of the same building as said dwelling house, we must find that it is of the same building as the reconstructed shed, a part of which, by the public travelled way, is within two hundred feet of the Pothier School.  We do not think that the evidence supports either of these claims of the petitioner.

The structures which we have named, although owned by said Lachapelle and placed one against another, are three distinct buildings.  The new structure containing the shop numbered 349 Diamond Hill Road is clearly not a part of the shed.  It was built at a different time, upon a different plan, (2) and for a different purpose.  There is no interior connection or means of passage between the two.  The claim of the petitioner must be based entirely upon the circumstances that the new structure is placed beside and against the shed and that some of its outer parts are attached to the outer wall of the shed.  Those conditions alone do not establish the petitioner's contention.  It frequently occurs, especially in our cities, that distinct buildings belonging to the same

or different owners are separated merely by a party wall to which parts of each building are attached. From the testimony we find that no part of the building in which the store numbered 349 Diamond Hill Road is situated is within two hundred feet, measured by a travelled way, of the premises of said Pothier School.

The petitioner further claims that at the time said license was granted said shed was numbered 349 Diamond Hill Road, and that said number was then attached to the outer door of the shed. There was some testimony presented at the hearing that at one time said number had been upon the outer door of the shed; but we do not find that it was there at the time of said application for license or at any time subsequent thereto. We find from the testimony that from the time said application for license was made said number was continuously displayed at the place where the shop, now numbered 349 Diamond Hill Road, was being constructed, and that before said license was granted said number was placed upon the door of said shop where it now is.

The petition for a writ of *certiorari* is denied and dismissed.

*Quinn & Kernan*, for petitioner.

*Elphege J. Daignault*, for respondents.

*Hugo A. Jarret*, of counsel.