JERRY L. HAILE ET AL., APPELLANTS

*vs.*

SAGADAHOC COUNTY COMMISSIONERS.

Sagadahoc.    Opinion, May 7, 1943.

*Edward W. Bridgham,*

*Harold J. Rubin,* for appellants.

*John P. Carey,*

*Ralph O. Dale,* for appellees.

SITTING: STURGIS, C. J. THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

CHAPMAN, J. The case comes to this Court on exceptions by the respondents to the refusal of the presiding Justice of the Superior Court to grant a motion to dismiss the petition which was before that Court on appellate proceedings from the decision of the County Commissioners of Sagadahoc County.

The petitioners, six in number, designate themselves in the petition as "responsible persons residing in the Town of Brunswick," and set forth that the "true boundaries of a duly located road in the County of Sagadahoc are doubtful, uncertain or lost," and pray that, after notice and hearing, the County Commissioners "examine said road and redefine and relocate, if necessary, the boundaries as prescribed by Section 4, Chapter 27, of the Revised Statues of 1930."

The County Commissioners dismissed the petition and the petitioners filed with the County Commissioners, notice of an

appeal to the Superior Court. In the Superior Court, in vacation, after the June 1942 term, which was the next ensuing term after the decision of the County Commissioners, the respondents filed a motion to dismiss. By agreement the matter was heard in vacation by the Justice who had presided at the said June term. The motion to dismiss was denied by the presiding Justice and to said denial the respondents excepted.

In the petition it is alleged that in 1835 the Legislature incorporated the "Proprietors of Merrymeeting Bridge," with authority to erect and maintain a bridge over the Androscoggin River from land in Brunswick to land in Topsham on the opposite bank of the river, and to purchase and hold such real estate and personal property as was necessary to effect the objective referred to. It is further alleged that, by act of the Legislature in 1878, authority was given to the corporation to transfer the bridge and approaches, which included the road described in the petition and all rights relative thereto, to the County of Sagadahoc, if and when the County should, by vote of the electorate, accept the provisions of the Act. The approval of the voters of the county was duly registered and transfer made.

By the Act, the land occupied by the road located in Brunswick, a part of the County of Cumberland, was set off from that county and annexed to the County of Sagadahoc, but was not made a part of any town therein.

Chapter 27 of the Revised Statutes is devoted to the general subject of highways. Section 1 of said Chapter provides that:

> "County Commissioners may lay out, alter, or discontinue highways leading from town to town, and grade hills in any such highway. Nothing in any city charter shall be so construed as to deprive them of the power to lay out, alter, or discontinue county roads within the limits thereof. Responsible persons may present, at their

regular session, a written petition describing a way and stating whether its location, alteration, grading, or discontinuance is desired, or an alternative action, in whole or in part. The Commissioners may act upon it, conforming substantially to the description, without adhering strictly to its bounds."

Section 4 provides:

"They" (the County Commissioners) "shall meet at the time and place appointed, and view the way, and there, or any place in the vicinity, hear the parties interested. If they judge the way to be of common convenience and necessity, or that any existing way shall be altered, graded, or discontinued, they shall proceed to perform the duties required; make a correct return of their doings, signed by them, accompanied by an accurate plan of the way, and state in their return when it is to be done, the names of the persons to whom damages are allowed, the amount allowed to each, and when to be paid. When the way has been finally established and open to travel, they shall cause durable monuments to be erected at the angles thereof."

Section 11 provides:          •

"When the true boundaries of highways or town ways duly located, or of which the location is lost, or which can only be established by user, are doubtful, uncertain, or lost, the County Commissioners of the County wherein such highway or town way is located, upon petition of the municipal officers of the town wherein the same lies, shall, after such notice thereon as is required for the location of new ways, proceed to hear the parties, examine said highway or town way, locate, and define its limits and boundaries by placing stakes on side lines at all apparent intersecting property lines, and at intervals of not more

than one hundred feet, and cause durable monuments to be erected at the angles thereof at the expense of the town wherein said highway or town way lies, make a correct return of their doings, signed by them, accompanied by an accurate plan of the way; . . . Said municipal officers shall maintain all highway or town way monuments, and replace them forthwith when destroyed. . . . . "

It is to be noted that Sections 1 and 4 relate to the same subject matter, viz., the laying out, altering, discontinuing and grading of highways, while Section 11 relates to highways the true boundaries of which have become doubtful, uncertain or lost, and the relocating and redefining of the same. It is further to be noted that the petition drawn under Section 1 is to be presented by "responsible persons," while the petition under Section 11 is to be presented by the "municipal officers of the town" wherein the way lies.

Section 61 of the said Chapter provides an appeal for parties aggrieved by the decision of the County Commissioners proceeding under Section 1. The appeal is to the Superior Court and may be made at any time after the filing of the decision of the County Commissioners before the next ensuing term of the Superior Court in the County, at which term the appeal shall be entered and prosecuted. There is no statutory appeal to parties aggrieved by the decision of the County Commissioners proceeding under Section 11, except as to damages. See *Conant, Appellant,* 83 Me., 42, 21 A., 172.

The petitioners, designating themselves as "responsible persons," in accordance with Section 1, allege, in accordance with Section 11, that the boundaries are "doubtful, uncertain or lost" and ask that the same be "redefined and relocated," but add to their prayer, "as prescribed by Section 4." Their petition fulfills in part the requirements of Sections 1 and 4 and, in part, the requirements of Section 11, but does not completely fulfill the requirements of either procedure.

The procedure authorized under Sections 1 and 4 and that under Section 11 are distinct. They apply to different situations and call for different action upon the part of the County Commissioners. The procedure being purely statutory, the provisions of the Statute must be strictly adhered to. *Webster* v. *County Commissioners*, 64 Me., 436.

The Massachusetts Court has repeatedly held that sections in its own Statute similar, respectively, to Sections 1 and 11, are distinct as to subject matter and procedure. *Tufts* v. *Mayor and Aldermen of Somerville*, 122 Mass., 273; *Bennett* v. *Wellesley*, 189 Mass., 308, 75 N. E., 717; *Main* v. *County Commissioners of Plymouth*, 212 Mass., 182, 185, 98 N. E., 621, 623. In this case the Court said:

> "It is settled that the action to be taken under these two respective sections is fundamentally different. This is recognized in both the opinions in Bennett v. Wellesley, 189 Mass., 308, though perhaps most clearly stated in the dissenting opinion of Knowlton, C. J., in language which as to this point was not the subject of disagreement: 'If a petition plainly calls for an alteration, within the meaning of Section 1, the Commissioners have no jurisdiction to act upon it under Section 12; and if it plainly calls for a relocation, within the meaning of Section 12, they have no jurisdiction to proceed under Section 1.'"

It follows that, if a petition calls for relocation, as provided in Section 11 of our Statute, it must be presented by municipal officers, as provided in that section. So failing, it is faulty. See also *Barnes & another* v. *The Mayor &c. of Springfield*, 4 Allen, 488.

If it be said that the petition could not be presented by municipal officers because the land occupied by the road was not a part of any town and that, consequently, there were no municipal officers, the answer is that the Legislature has not provided for such a contingency.

Furthermore, if the petition could be construed as correctly drawn under Section 11, there being no statutory appeal under that section, it could not be brought to the Superior Court for review by that method. An appeal from the decision of County Commissioners lies only if authorized by statute. *Webster* v. *County Commissioners*, supra.

The petition cannot be considered as drawn under the provisions of Sections 1 and 4 because it does not allege subject matter covered by those sections, nor does it seek the remedy there provided.

The respondents urge, as another reason for the dismissal of the petition, that the appeal was not entered at the June term of the Superior Court, the next term held after filing of the decision by the County Commissioners. If the appeal were not then entered the matter would be subject to dismissal by the Court, irrespective of any of the foregoing reasons. Counsel for the petitioners in their brief claim that entry was made of the appeal at the June term. We have no source of information upon which we can make decision on this point except the bill of exceptions, and this does not adequately inform us. The copy of so much of the record as is annexed to and made a part of the bill of exceptions, discloses no such entry, but certain statements contained in the bill of exceptions might indicate that there was such an entry properly before the Court and, consequently, filed at the proper time. If we were obliged to make decision upon this point it would be necessary to return the bill of exceptions for correction under the provisions of Chapter 86 of the Public Laws of 1941; but, in view of the foregoing rulings, it would serve no purpose.

The petitioners were not entitled to maintain an appeal from the decision of the County Commissioners and, therefore, the Superior Court had no jurisdiction.

*Exceptions sustained.*