## Floersheim Appeal

Argued September 29, 1943. Before MAXEY, C. J., LINN, STERN, PATTERSON and STEARNE, JJ.

*Maurice Chaitkin,* for appellants.

*J. Howard Devlin,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellee.

*Charles G. Notari,* for intervenor.

OPINION BY MR. JUSTICE PATTERSON, October 15, 1943:

This is an appeal from the refusal of the court below to declare void a Certificate of Occupancy issued by the Superintendent of the Bureau of Building Inspection of the City of Pittsburgh, permitting the use and occupancy of a certain dwelling as a synagogue and a residence for the Rabbi.

On November 13, 1942, the Superintendent of the Bureau of Building Inspection, acting pursuant to the Zoning Ordinance of the City of Pittsburgh, issued a Certificate of Occupancy to the Kahal Chasidim Congregation authorizing the use of premises No. 5807 Bartlett Street as a synagogue and as a residence for the Rabbi and his family. The premises are situate in a class "B" residential district. An appeal was filed by Berthold Floersheim and others, appellants, with the Board of Adjustment. After public hearings on the appeal, the Board refused to revoke said certificate. Appeal was taken to the Court of Common Pleas, where the Kahal Chasidim Congregation was permitted to intervene. The decision of the Board of Adjustment was affirmed. This appeal followed.

The Zoning Ordinance classifies residential districts in classes "A", "B", and "C". Section 9 of said Ordinance enumerates the permitted uses of land in class "B".[1] The uses here involved are for a "One Family Dwell-

---

[1] "Section 9. 'B' Residence District. In this district the land may be used and buildings or structures may be erected, altered or used only for the following: PERMITTED USES: (1) One Family Dwelling; (2) Two Family Dwelling; (3) Double House; (4) Church; (5) School (Including Dormitory for Faculty or Students); (6) Library; (7) Garden (Including Truck Garden); (8) Nursery, Horticultural; (9) Greenhouse; (10) Accessory Uses."

ing"[2] and for a "Church". Appellants contend that a Certificate of Occupancy cannot lawfully be issued which authorizes a combination of these permitted uses.

Section 54 of the Ordinance grants broad powers to the Board of Adjustment.[3] We are concerned only with the power of that Board to issue the certificate authorizing a combination of permitted uses specifically enumerated in the Ordinance. The definition of a "One Family Dwelling" is broad.[4] A building "designed for" one family may very readily be used as a "church". Nowhere in the Ordinance is there an express limitation upon the powers of the Board which prevent it from permitting a combination of authorized uses. It cannot be said as a matter of law that the Board does not have that power. The courts will not interfere with the exercise of an administrative duty by the officials entrusted therewith unless it is shown that the action taken has been arbitrary, capricious and unreasonable or clearly in violation of positive law: *Jennings' Appeal*, 330 Pa. 154, 157; *Hasley's Appeal*, 151 Pa. Superior Ct. 192, 194. The Board of Adjustment has not done an unlawful act

---

[2] The Zoning Ordinance describes a "One Family Dwelling" as "A separate building designed for or occupied exclusively by one family."

[3] "Section 54. Powers. The Board of Adjustment shall hear and decide appeals *de novo* and review on appeal any order, requirement, decision or determination made by the Superintendent of the Bureau of Building Inspection relating to the enforcement of this ordinance."

"The Board may reverse or affirm wholly or partly, or may modify any order, requirement, decision or determination appealed from as in its opinion ought to be made in the premises. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance, the Board shall have the power in passing upon appeals to vary or modify any of the regulations or provisions of this ordinance in harmony with its general purpose and intent and in accordance with the general or specific rules herein contained so that the spirit of this ordinance shall be observed, the public health, the public safety and the general welfare secured and substantial justice done."

[4] See footnote 2, supra.

nor has it acted arbitrarily, capriciously or unreasonably in issuing the certificate.

Appellants have argued that the manner in which the property has been used amounts to a nuisance and, therefore, their property rights are unreasonably endangered by the issuance of this permit. With this proposition we are not now concerned. If, in fact, the use of the premises does constitute a nuisance, appellants have a remedy in the proper form.

The order is affirmed at appellants' cost.