## Anderle Appeal.

Argued September 28, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Henry Kaufman*, with him *Louis Little*, for appellant.

*J. Howard Devlin*, Assistant City Solicitor, with him *Anne X. Alpern*, City Solicitor, for appellees.

OPINION BY MR. JUSTICE HORACE STERN, November 27, 1944:

This is one of the type of cases in which it is sought to make technical niceties, rather than substantive merits, the determinant of the litigation.

Henry J. Anderle, who, for a number of years, has been conducting a butcher shop at 915 Madison Avenue in the north side section of the City of Pittsburgh, and also a slaughter-house in a wooden building in the rear of the premises, made application to the Bureau of Building Inspection for a permit to rebuild the front wall of this frame structure with bricks and the side walls with cement blocks. As far as the printed record discloses, he did not file a separate application for a "certificate of occupancy and compliance" as required by the city zoning ordinance of August 9, 1923, which provides that no permit for the making of repairs to, or alteration of, any building shall be issued before such application shall have been made. He did, however, state in his application for the building permit that the building was then being used as a slaughter-house and that it was proposed to continue such use. The applica-

tion was marked as "Approved for Zoning" by the Bureau of Building Inspection (over the signature of the "Zoning Clerk"), and a building permit, No. 18126, was issued by the Bureau. Thereupon the occupant of a neighboring property appealed to the Board of Adjustment "for revocation of permit No. 18126 issued to Henry J. Anderle to conduct a slaughter-house". After hearing the testimony of all parties in interest, the Board ordered that "the Superintendent of the Bureau of Building Inspection be and he hereby is requested to revoke permit No. 18126 issued to Henry J. Anderle to conduct a slaughter-house at 915 Madison Avenue". Anderle appealed to the Court of Common Pleas. The Court heard testimony additional to that presented to the Board and dismissed the appeal, which it denominated "an appeal from the action of the Board of Adjustment of the City of Pittsburgh, revoking permit No. 18126 issued by the Bureau of Building Inspection to Henry J. Anderle to conduct a slaughter-house in the rear of 915 Madison Avenue."

The zoning ordinance prohibits the conducting of a slaughter-house in a light industrial area. The premises 915 Madison Avenue are located in such an area, but it was Anderle's contention that the place had been operated as a slaughter-house previously to, and at the time of, the enactment of the ordinance; if this were true, the continuance of such use of the property would be lawful. But the Board of Adjustment and the Court of Common Pleas both found as a fact that whatever use of the premises as a slaughter-house may have existed prior to the enactment of the ordinance had been definitely abandoned before that time. The decision of an administrative board having jurisdiction may be set aside only where there is a manifest and flagrant abuse of discretion: *Fleming v. Prospect Park Board of Adjustment,* 318 Pa. 582, 584, 178 A. 813, 814; *Jennings' Appeal,* 330 Pa. 154, 159, 198 A. 621, 623; *Floersheim Appeal,* 348 Pa. 98, 100, 34 A. 2d 62, 63, 64; and, while

the question whether the law has been rightly or wrongly applied by the Board of Adjustment is a proper subject of inquiry in review on certiorari (*Brosnan's Appeal,* 330 Pa. 161, 163, 198 A. 629, 631), the appellate court, in reviewing an order of the Court of Common Pleas sustaining or reversing the action of the Board, is confined, so far as the facts are concerned, to ascertaining whether there is any evidence to sustain the findings of the court: *Gish v. Exley,* 153 Pa. Superior Ct. 653, 655, 34 A. 2d 925, 926. The evidence here is ample to sustain those findings, by which Anderle accordingly is concluded.

An apparent informality in the procedure within the Bureau of Building Inspection serves Anderle as the sole foundation for his present appeal. The gist of his contention is that the Board of Adjustment and the Court of Common Pleas, in revoking a permit "to conduct a slaughter-house", were revoking something which did not exist. He claims that he did not ask for such a permit and did not obtain one, and that all the Bureau of Building Inspection granted was permission for the structural alteration of the building. But, apart from the fact that his failure to file a formal application for a certificate of occupancy was in itself a non-compliance with the ordinance, the answer to Anderle's position is that he did expressly set forth in his application his contemplated use of the premises as a slaughter-house. When, therefore, the Bureau approved the application "for"—that is, in respect to—"zoning", and granted the permit, it presumably was intending thereby to authorize the use thus designated, with the same force and effect as if it had issued a conventional form of certificate to that end. If the permit granted by the Bureau had been merely one for structural changes, not involving the zoning regulations, the Board of Adjustment would have had no jurisdiction on appeal, but, since the question of occupancy was raised by reason of the statement in the application as to the proposed use, an appeal

properly lay to the Board, and both that body and the Court of Common Pleas were justified in treating, as they did, the permit which had been granted by the Bureau as one that officially sanctioned the occupancy of the premises for the purpose of a slaughter-house. The effect of the revocation of the permit is that the further operation of the slaughter-house will be without the authorization required by law, and will therefore render Anderle subject to such measures as may be taken for its suppression.

The order of the court below is affirmed; costs to be paid by appellant.