## Angert v. Zoning Board of Adjustment

*Earl Chudoff*, for plaintiff.

*Abraham L. Freedman*, city solicitor, for city.

*Matthew W. Bullock, Jr.*, for zoning board.

SMITH, P. J., October 8, 1953.—This case comes before the court on an appeal from the refusal of the zoning board of adjustment to allow the extension of the present use of the premises of plaintiff by increasing the area of an already granted variance, by taking in one of the two continuous garages in the rear of the property situate 6300 Langdon Street in the City of Philadelphia. The premises in question is a two-family dwelling with two garages in the rear. In December of 1950, the zoning board of adjustment granted a variance to appellant, permitting the use of a part of the basement of the dwelling to be operated as a candy store. Appellant now wishes to extend the size of the store part of the dwelling by including one of the garages in the rear of the premises, by breaking down a partition between the present candy store and one of the garages.

Upon application to the zoning board of adjustment, the board refused to allow the extension of the present use by increasing the size of the candy store. The record seems to indicate that the reason for the refusal

of the variance is due to the fact that it appeared that the applicant intended to operate a luncheonette, selling hot dogs, coffee, and other foods such as would be sold in a quick lunch place.

This matter is not one primarily where the right of appellant to enlarge a store within the limits of his dwelling is concerned. It primarily is concerned with his conduct in the character of the operation of his store. From the evidence before the court, it is manifest he desires to enlarge the functions of his store so as to change its character as a candy store to the character of a restaurant. That he may not do. The certificate of variance granted by the zoning board in December 1950 is clearly established. The variance calls for the use of the premises as a two-family dwelling and a candy store in the basement. Nothing more. A restaurant is an eating place, a cafe or a quick lunch business: Wellsboro Hotel Company's Appeal, 336 Pa. 171. Generally it is not regarded as a store: 60 C. J. 119 (see footnotes).

A candy store is where confections are offered for sale. Under no consideration can a store where candy is sold be considered as a restaurant nor can a restaurant be regarded as a candy store. The moment appellant sells or attempts to sell food, even at a quick lunch counter, his store loses its character of a candy store and becomes a restaurant. This he had no legal right to do. The variance granted to appellant was restricted to the sale of candy on the then premises. This use cannot be enlarged by appellant for size or use, excepting by the consent of the zoning board. It is manifest that from the time the variance was granted to him in December 1950 appellant enlarged the uses and functions of the candy store without legal authority or sanction. The moment appellant did this, he did so at his peril. This application shows a further encroachment is intended by him which does not have the approval of the court.

The zoning board of adjustment should not be overruled in the absence of a flagrant and manifest abuse of discretion: Anderle Appeal, 350 Pa. 589; Fleming v. Prospect Park Board of Adjustment, 318 Pa. 582. In Pincus v. Zoning Board of Adjustment, C. P. No. 5, September 1952, no. 6508, it was held:

"Zoning is not to be lightly interpreted in the City of Philadelphia and in a growing community where many property owners have erected fine residences. There must be a line of demarcation between commerce and residence. When fixed, it must stand unless there is a compelling reason to the contrary."

Appellant has the right to conduct a candy store on his present restricted premises but not beyond them. We see no abuse of discretion in this matter.

*Order*

And now, to wit, October 8, 1953, the appeal is dismissed.