## Nasuti v. Zoning Board of Adjustment

*Michael Marchesano,* for appellant.

*Abraham L. Freedman,* city solicitor, and *Matthew W. Bullock, Jr.,* asst. city solicitor, for respondent.

OLIVER, P. J., October 20, 1954.—This is an appeal from a decision of the Zoning Board of Adjustment

of Philadelphia refusing to grant a variance for the use of premises 1526 Wolf Street (S. E. corner of Mole Street) for the making of water ice. The premises are zoned "A" commercial.

The main facts of this case are not contradicted. Since 1948 plaintiff has engaged in the business of retail selling of water ice on his premises. In due course he found it more profitable to make his own water ice rather than purchase it elsewhere, and for the past few years he has engaged in making the water ice he sells. He has asked for a variance to be allowed to continue on his premises the making of this product.

The scope of review on appeal from the zoning board to the courts of common pleas has been set forth in the Rolling Green Golf Club Case, 374 Pa. 450, 458 (1953):

"We hold that the Court of Common Pleas had the power to hear the appeal from the decision of the board of adjustment in this case; and having such power, it had the right to hear evidence and to make such decision as, under the evidence and the applicable principles of law, was just and proper.

". . . 'In such situation, the court is authorized by the statute . . . to "reverse or affirm, in whole or in part," the action of the board, as to the court, "may appear just and proper." In short, it is the province of a court of common pleas, upon an appeal from an order of a board of adjustment, to consider and dispose of the matter on the merits.'"

Our function here, then, is to consider and dispose of the matter on the merits. Language in Anderle Appeal, 350 Pa. 589 (1944), to the effect that the decision of an administrative board having jurisdiction may be set aside "only where there is a manifest and flagrant abuse of discretion" refers to findings of fact as found by both the board and the common pleas court. The same holds true for similar language

on pages 657-58 of Gish v. Exley, 153 Pa. Superior Ct. 653 (1943). Under the rule of Rolling Green Golf Club Case, supra, we shall therefore consider the merits of the case and shall make such decision as, under the evidence and the applicable principles of law, appears to us just and proper.

Appellant raises two questions on this appeal. First, he contends that the making of water ice for retail sale on the premises is not an industrial use prohibited in an area designated "A" commercial. The second contention is that, should the court find such activity constitutes an industrial use, a variance should be granted.

There is no doubt that appellant may *sell* water ice in this area. If the making of water ice is not an industrial use there is no need for him to obtain the variance he seeks from the zoning board of adjustment. The question arises whether, by asking for a variance, appellant has admitted that the activity in question constitutes an industrial use and, therefore, has waived his right to appeal to this court on that ground. We shall give no answer to this question as we are reluctant to decide the case on a procedural point and shall dispose of the case on its merits.

An examination of the Philadelphia Zoning Ordinance of August 10, 1933, and amendments thereto, reveals that nowhere are the terms "industrial use" or "manufacturing" defined. However, section 16 of the ordinance lists uses which are permitted in an "A" commercial district. The list includes the selling of foods, groceries, meats, provisions, etc. at retail, but nowhere in this list is there a provision which permits the *making* of a product to be sold at retail on the premises, except in the case of a bakery shop. The language of the zoning ordinance is couched in the affirmative in that it lists uses which are permitted in areas with various zoning designations but

does not list uses which are prohibited in those areas. It has been held that the express mention of permitted uses impliedly excludes all others: Hasley's Appeal, 151 Pa. Superior Ct. 192 (1943); Dixon's Case, 138 Pa. Superior Ct. 385 (1939). We hold, therefore, that the making of water, ice to be sold at retail on the premises constitutes an industrial activity which is prohibited in an area designated "A" commercial.

The zoning board of adjustment is given some discretion to grant a certificate of variance if it would not be contrary to the public interest, where owing to special conditions a literal enforcement of the zoning ordinance would result in an unnecessary hardship: Act of May 6, 1929, P. L. 1551, sec. 8, 53 PS §3829. This section does not authorize departure from the provisions of the ordinance unless it is found that refusal to allow the use requested would result in substantial, serious, and compelling hardship: Devereux Foundation, Inc., Zoning Case, 351 Pa. 478 (1945); Kerr's Appeal, 294 Pa. 246 (1928).

In our opinion, there is no doubt that the board was correct in refusing to grant a variance. It has been held that added advantage and financial benefit which would accrue to petitioner are immaterial to the issue of whether a permit for a use contrary to the restriction of the zoning ordinance should be granted: Pincus v. Power, 376 Pa. 175 (1954); Reininger Zoning Case, 362 Pa. 116 (1949). In the instant case there is nothing in the record to justify the conclusion that the zoning board of adjustment should have held that appellant had shown sufficient hardship of the kind contemplated by the applicable legislation to require the certificate of variance to issue.

Appellant contends that there are others who are engaged in the same activity as he. Even if true, that would be no ground for failing to enforce the provisions of the zoning ordinance in this case. A violator

of a law has no standing to challenge its enforcement as to him by virtue of the fact that it is not enforced in all respects against everyone: New Castle City v. Withers, 291 Pa. 216 (1927).

Nor does it matter that appellant has engaged in this activity for the past few years. This, in no way, operates in his favor. Such use was illegal from the beginning, and past violation of the ordinance cannot ripen into a right to continue to violate it, merely because appellant's improper conduct was not, until recently, brought to the attention of the authorities.

*Order*

And now, to wit, October 20, 1954, the appeal is dismissed and the decision of the zoning board of adjustment is affirmed.